UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA ILLINOIS DIVISION

FILED
JUN 11 2019
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| Carol Kretzer, | ) |
| Plaintiff, | ) |
| vs. | ) No. 19-E- CV- 2153 |
| DECATUR PUBLIC SCHOOL DISTRICT # 61 | ) |
| Defendant. | ) |

## PRO SE COMPLAINT

NOW COMES the Plaintiff, Carol Kretzer, by herself, and for his COMPLAINT against the Defendant DECATUR PUBLIC SCHOOLS DISTRICT#61, respectfully states as follows:

1. At all times relevant, the Plaintiff was a resident of Macon County, Decatur IL.

2. The Defendant is the Decatur Public School District#61.

3. The Plaintiff was appointed as a Hearing Interpreter and later transferred as Teaching Assistant for the Decatur Public School District#61 from February 4, 2002 through December 3, 2018.

4. The Plaintiff was transferred as a Teaching Assistant with French Academy effective from April 20, 2016 and her employment was renewed for the year 2017-18 until she was unrelentingly pressurized to resign on December 3, 2018.

5. The employment offered by the Defendant had a fix salary of $24,470.83, which was to be paid in equal monthly installments of $ 2039.24.

6. On December 3, 2017 the Plaintiff was forced to resign from her job by Defendant without any reasonable cause.

7. Plaintiff is an elderly woman, aged 66, who had a temporary disability of chronic back pain and hip pain without any serious health repercussion.

8. Plaintiff had good reviews for her work through 13 years as an interpreter. Her appraisal evaluation form had satisfactory reviews from her supervisors for 13 years based on which she was transferred to the teaching assistant position at French Academy.

9. During Plaintiff's tenure as a teaching assistant at French Academy she was discriminated against due to her age and disability. She occasionally had to use cane due to the minor disability of chronic back pain and hip pain while assisting her student.

10. The principal at French Academy saw the Plaintiff using a cane and thereafter Plaintiff witnessed other staff members observing her from a distance when she assisted her student to class from the school bus.

11. A short time later the Plaintiff was called in for a meeting for her unsatisfactory work. During Plaintiff's first disciplinary meeting she was asked to go through the medical examination and was required to bring a letter from the doctor about whether Plaintiff could perform her job. This was because Plaintiff was observed using the cane while doing her job few days before.

12. During Plaintiff's time at French Academy she was asked about her age and was told by the director of human resources on more than one occasion, "isn't it a good time to retire?".

13. Defendant, Deanna Hillman, the human resources director, mentioned an essential skill job for which she was well qualified, but she was not offered the job due to her age and disability.

14. On various occasions Plaintiff was even prevented from lifting her student when clearly Plaintiff had the ability to do the task. It is to be noted that refusal to not offer the said position was after the discussion between Plaintiff and Defendant about her age.

15. In late November, 2018 the Defendant urged her to resign from her job. Due to the disparate treatment, discrimination, and unrelenting pressure Plaintiff faced, Plaintiff had to resign from her job despite her ability to do her job without any assistance. Plaintiff's last working day was December 3, 2018 and her last paid day was December 18, 2018.

16. Clearly Plaintiff has been subject to disparate treatment and discrimination due to her age and disability by the Defendant, as a result of which she has also suffered anguish, mental and emotional stress, some of which has resulted in physical pain and suffering which was unnecessary.

17. It is to be noted that Plaintiff had two more years of employment remaining before she would have qualified for actual retirement, had she not been forced to resign from the job. After this, Plaintiff had not been employed anywhere else.

NOW THEREFORE, the Plaintiff prays this Court enter judgment in favor of the Plaintiff and against the Defendant for two years' salary of $48,941, plus reasonable attorney's fees, costs of suit, and for such other and further relief as this Court deems just and proper

*Carol Kretzer*
Carol Kretzer, Pro Se

### VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that the undersigned believes the same to be true.

*Carol Kretzer*
Carol Kretzer, Pro Se

~~SUBSCRIBED and SWORN to before me~~
~~this ___ day of _____, 2019.~~


_____
~~Notary Public~~

Carol Kretzer
3125 N. Holly Dr
Decatur, IL 62526
217-877-3119